UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER AMBERGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEGACY CAPITAL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.16-cv-05622-JSC<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 10 |

In 1998, Plaintiff Christopher Amberger entered into an investment contract with Defendant Legacy Capital Corporation. The contract contains a forum selection clause which states that "[t]his agreement shall be governed by the laws of the State of New York and any litigation related hereto shall be brought in the State of New York." Notwithstanding the forum selection clause, in 2016 Plaintiff sued Defendants in the Northern District of California regarding the investment. Defendants now move to enforce that clause and seek an order transferring this action to the Southern District of New York under 28 U.S.C. § 1404(a).[1] (Dkt. No. 10.) After carefully considering the parties' briefing and having had the benefit of oral argument on January 19, 2017, the Court GRANTS Defendants' motion and TRANSFERS this action to the Southern District of New York. Plaintiff could have filed this action originally in the Southern District of New York and Plaintiff has not met his heavy burden of showing that the forum selection clause should not be enforced.

**BACKGROUND**

Plaintiff Christopher Amberger, a California resident, entered into an investment contract

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 11.)

with Legacy Capital Corporation, a New York corporation, through its agent Josh Brackett, in November of 1998. (First Amended Complaint ("FAC") at ¶¶ 9-10.) Pursuant to the contract, Plaintiff provided Legacy Capital Corporation with $20,000 for investment in two viatical settlement contracts. (*Id*.) A viatical settlement is a transaction in which a terminally ill insured sells the benefits of his life insurance policy to a third party in return for a lump-sum cash payment equal to a percentage of the policy's face value. (*Id*. at ¶ 3.) Legacy Capital Corporation acquires these life insurance policies and "solicit[s] investors to pool together to purchase fractional shares in the policies." (*Id*. at ¶ 4.) Both viators (holders of the life insurance policies) for the settlement contracts Plaintiff invested in are still alive and Plaintiff has yet to receive a return on his investment. (*Id*. at ¶¶ 25-29.) In October 2015 his interest in the two polices was cancelled. (*Id*. at ¶ 30.)

A year later, Plaintiff filed this action against Legacy Capital Corporation and its alter egos Legacy Benefits Corporation, and Legacy Benefits, LLC (collectively "Legacy"), as well as Mills, Potoczak & Company, the successor to Wesley, Mills & Company who was the escrow agent under the investment contract. (Dkt. No. 1.) Plaintiff alleges violations of (1) California's Consumer Legal Remedies Act ("CLRA"); (2) fraud; (3) breach of fiduciary duty; (4) violation of the California Securities Act[2]; and (5) declaratory relief. Defendants thereafter moved to transfer venue to the Southern District of New York under Section 1404(a) based on the forum selection clause in the parties' investment contract. (Dkt. No. 14 at 27.[3]) Plaintiff failed to timely file an opposition to the motion to transfer, and instead, nearly two weeks after the opposition was due, filed an opposition and an amended complaint.[4] (Dkt. Nos. 14 & 15.) Defendants thereafter filed a reply. (Dtk. No. 16.)

---

[2] Plaintiff initially pled this claim as one for relief under the federal Securities Act of 1933, but amended it to be under California's equivalent after the underlying motion was filed. *Compare* Dkt. No. 1 ¶¶ 78-83 *with* Dkt. No. 14 at ¶¶ 78-82.

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[4] Defendants' objections to the untimeliness of Plaintiffs opposition are well-taken, but given the lack of prejudice to Defendants the Court considers the merits of Plaintiff's arguments.


**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a case concerns an enforcement of a forum selection clause, section 1404(a) provides a mechanism for its enforcement and "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S.Ct. 568, 579 (2013) (internal quotation omitted). This weight is due because the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 581. In particular, the court should give no weight to "the plaintiff's choice of forum" or "the parties' private interests." (*Id*. at 581-82.) Instead, the court "may consider arguments about public-interest factors only.[] Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*. at 582.

**A. The Forum-Selection Clause**

Plaintiff does not dispute that the parties' contract contains a forum selection clause which states: "**Section 12**. This agreement shall be governed by the laws of the State of New York and any litigation related hereto shall be brought in the State of New York." (Dkt. No. 14 at 27.) Instead, Plaintiff argues that transfer is improper because (1) the action could not have been brought in the transferee court in the first instance, and (2) enforcement of the forum selection clause is unreasonable. Neither argument is availing.

**1. Transfer Does Not Destroy Diversity Jurisdiction**

Section 1404(a) provides that a court may transfer a case to a district "where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff argues that his case could not have been brought in the Southern District of New York because there would not be diversity jurisdiction. Plaintiff misunderstands diversity jurisdiction. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state...." *Id*. § 1332(a)(1)-(2); *see also*

3

*Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.") The parties are diverse—Plaintiff is a California resident and Defendants are residents of New York, Delaware, and Ohio— and Plaintiff has alleged that the amount in controversy requirement is satisfied. (FAC at ¶ 33.) Whether the action is venued in New York or this District, the district court has diversity jurisdiction.

Plaintiff's reliance on the "forum defendant rule" for removal jurisdiction in 28 U.S.C. section 1441(b)(2) is misplaced. The forum defendant rule "imposes a limitation on actions *removed* pursuant to diversity jurisdiction: 'such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting 28 U.S.C. § 1441(b)) (emphasis added). The removal rules do not apply here. Section 1404(a) states that an action can be transferred to a district where it "might have been brought," not to a district where it might have been removed from state court. Since the Southern District of New York would have diversity jurisdiction and venue of this action, it might have been brought there and thus transfer to New York is an available remedy.

**2. The Reasonableness of the Forum Selection Clause**

Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). This exception is construed narrowly. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Id*. (internal citations and quotation marks omitted). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009)

4

(citing *Argueta*, 87 F.3d at 325). Plaintiff appears to argue that the forum selection clause is unreasonable under each prong of the *Argueta* test.

### a) The Forum Selection Clause Was Not the Result of Fraud, Undue Influence or Overweening Bargaining Power

Plaintiff makes an offhand comment that the forum selection clause is part of an adhesion contract, but makes no substantive argument in this regard. Instead, Plaintiff suggests that he was not on equal footing with Defendants and that he was somehow "duped" into investing in these viatical settlement contracts. "Even if plaintiff's contentions were true, defendants['] purportedly unequal bargaining power and the fact that plaintiff did not negotiate the terms of the forum selection clause do not alone render the clause unreasonable." *Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *2 (N.D. Cal. Oct. 10, 2012); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004) ("a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause.").

### b) The Difficulty of the Selected Forum

Next, Plaintiff contends that it is unfair to require Plaintiff to litigate this case in New York. However, as with his adhesion claim, Plaintiff has not identified any evidence demonstrating that litigating in the parties' bargained-for venue—the Southern District of New York—would be "so gravely difficult and inconvenient" that he would essentially be "deprived of [his] day in court." *Argueta*, 87 F.3d at 325. Plaintiff's argument fails for this reason alone. *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 869 (9th Cir. 1991) (rejecting unfairness argument where plaintiff "failed to produce evidence of inconvenience he would suffer by being forced to litigate in Saudi Arabia,[] failed even to offer any specific allegations as to travel costs, availability of counsel in Saudi Arabia, location of witnesses, or his financial ability to bear such costs and inconvenience."). The argument also fails, however, because these are private-interest concerns that, under the Supreme Court's decision in *Atlantic Marine*, "may not be considered in analyzing whether a forum selection clause is reasonable." *Cream v. N. Leasing Sys., Inc.*, No. 15-CV-01208-MEJ, 2015 WL 4606463, at *7 (N.D. Cal. July 31, 2015) (collecting cases).

5

### c) Transfer does not Violate California Public Policy

Finally, Plaintiff contends that enforcement of the forum selection clause would violate California public policy because the CLRA has a provision preventing waiver of its protections. *See* Cal. Civ. Code § 1751 (CLRA provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."); *see also Cordua v. Navistar Intern. Transp. Corp.*, 2011 W.L. 62493 (N.D. Cal. Jan. 7, 2011). In *Doe 1 v. AOL LLC*, the Ninth Circuit refused to enforce a forum-selection clause because the forum selected—a Virginia state court—would force plaintiffs to waive both their right to proceed as a class action and to receive enhanced remedies under the CLRA). 552 F.3d at 1084-85. In doing so, the Ninth Circuit relied heavily on a California Court of Appeals decision concluding that the same forum selection clause was unenforceable. *See America Online Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699 (2001) (same). The court noted that enforcement of the forum selection clause would necessarily require a waiver of the CLRA statutory remedies and that the remedies available in Virginia were not comparable to those in California. *Doe I,* 552 F.3d at 1083-84; *Mendoza*, 90 Cal.App.4th at 15.

Here, in contrast, Plaintiff has not shown, or even argued, that transferring this action to New York federal court will require waiver of Plaintiff's CLRA remedies. "A forum selection clause determines where the case will be heard, it is separate and distinct from choice of law provisions that are not before the court." *Besag v. Custom Decorators, Inc.*, No. 08-05463 JSW, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009). Indeed, courts often conclude—as Defendants insist here—that once the case is in its proper venue, the plaintiff is free to argue for application of California law. *See Gamayo v. Match.com LLC*, No. C 11-00762 SBA, 2011 WL 3739542, at *6 (N.D. Cal. Aug. 24, 2011) (collecting cases re: same). "Enforcing the venue clause, and locating the forum in [New York], do[es] not require the application of [New York] law to the claims." *Marcotte v. Micros Sys., Inc.*, No. C 14-01372 LB, 2014 WL 4477349, at *8 (N.D. Cal. Sept. 11, 2014). Under this analysis, a forum selection clause is unreasonable only when it contravenes a policy specifically related to venue. *See, e.g., East Bay Women's Health, Inc. v. gloStream, Inc.*, No. 14–cv–00712–WHA, 2014 WL 1618382 at *3 (N.D. Cal. Apr. 21, 2014) ("[P]laintiffs are

6

1   burdened to show a fundamental public policy underlying California's Unfair Competition Act
2   that relates to venue because the instant motion seeks a forum-selection determination, rather than
3   a choice-of-law determination."); *Voicemail Club*, 2012 WL 4837697 at *4 ("[B]ecause plaintiff
4   improperly speculates as to how the transferee forum would ultimately resolve the issue of what
5   substantive law should be applied to plaintiff's claims, plaintiff fails to demonstrate how transfer
6   of this case would contravene [a] public policy ... relate[d] specifically to venue."); *Besag v.*
7   *Custom Decorators, Inc.*, No. 08–cv–05463–JSW, 2009 WL 330934 at *4 (N.D. Cal. Nov. 4,
8   2010) ("[A] party challenging enforcement of a forum selection clause may not base its challenge
9   on choice of law analysis.... [These challenges] are problematic because they require courts to
10  speculate as to the potential outcome of the litigation.").

11  At oral argument Plaintiff urged that it is the public policy of California to require that
12  California plaintiffs have their CLRA claims heard in California if their claims are connected to
13  California as are Plaintiff's claims here.  When pressed, however, the only authority Plaintiff
14  could muster to support this alleged public policy was the Song-Beverley Act, a statute not at issue
15  in this case.  Plaintiff has not met his burden of showing that enforcement of the forum selection
16  clause and transfer of this action to the Southern District of New York would contravene a strong
17  California public policy.  *Argueta, S.A.*, 87 F.3d at 325*; see also Washington v.*
18  *Cashforiphones.com*, No. 15-cv-0627, 2016 WL 6804429, at *6 (S.D. Cal. Jun. 1, 2016) (granting
19  motion to transfer under 1404(a) because "Plaintiff fails to demonstrate how a transfer pursuant to
20  a contractual forum selection clause and § 1404(a) would contravene an express California public
21  policy underlying the CLRA."); *Sawyer*, 2011 WL 7718723 at *8 (granting a motion to transfer
22  concluding that the forum selection clause "by itself does not contravene California public policy
23  because Plaintiff is able to argue, in the appropriate forum, that California state law [and
24  specifically the CLRA] applies").

## CONCLUSION

26  The parties' forum selection clause is valid and does not contravene a strong California
27  public policy.  Defendants' motion to transfer this action is GRANTED.
28  The Clerk shall transfer this action to the Southern District of New York.

1    This Order disposes of Docket No. 10.

2    **IT IS SO ORDERED.**

3    Dated: January 20, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge